GRIFFIS, P.J.,
for the Court:
¶ 1. Jonathan Taylor Harris, a minor, by and through his natural parents and legal guardians, filed a tort-claims action against the Clinton Public School District as well as its board members and employees. The circuit court granted a summary judgment after finding the District and its board members and employees were immune from liability under the Mississippi Tort Claims Act (MTCA). We find no error and affirm.
FACTS
¶ 2. The facts of this case are not in dispute. On May 1, 2007, Clinton Junior High School administered the Mississippi Curriculum Test (MCT), a standardized, state-wide test conducted through the Mississippi Department of Education (MDE). MDE requires school districts to develop a testing-security plan for administration of the MCT in order to maintain and protect the security and integrity of the testing process. The District formulated and adopted its test-security plan. District employees were assigned to each classroom to administer and proctor the MCT.
¶ 3. The school plan also established a procedure for proctors to address “student emergencies,” which included when a student needed to go to the bathroom or was faced with a sudden illness. Under the plan, a proctor would be assigned to each hall in case of a student emergency. The proctor would accompany the student to the office or wherever the student needed to go in the event of an emergency.
¶ 4. Kevin Daniels and Corey Schneider were teachers at Clinton Junior High. They administered and proctored the MCT exam for Harris’s classroom. Harris, a seventh-grade student, took the MCT test under Daniels’s and Schneider’s supervision.
¶ 5. During the test, Harris raised his hand and requested to use the restroom. Schneider told Harris he could not leave the classroom during the test. After the test was over, Harris requested again if he could use the restroom. Daniels refused Harris’s request, but asked if Harris could wait until the students were released for the next class. After about twenty minutes, Harris asked a third time if he could go to the bathroom. Daniels granted this request. As Daniels went to get the hall proctor to accompany Harris to the restroom, however, Harris urinated on himself in front of the classroom and his fellow students.
¶ 6. On December 17, 2007, Harris, by and through his natural parents and legal guardians, filed his complaint in the County Court of Hinds County. Harris alleged that the two denials to use the restroom by Daniels and Schneider were the proximate cause of emotional and financial damages he suffered from urinating on himself in front of his classmates. Harris claimed that the District, Daniels, Schneider, the superintendent, and the board members of the District, who were acting within the scope of their employment with the District, were liable for those damages under the tort theories of outrage, intentional infliction of emotional distress, negligence, negligence per se, and negligent supervision.
¶ 7. The District filed a motion for summary judgment, pursuant to Mississippi Rule of Civil Procedure 56. The District claimed that it was immune from liability under the MTCA, as the actions of Daniels *103 and Schneider were discretionary within the meaning of the law. Miss.Code Ann. § 11 — 46—9(l)(d) (Rev.2012). The county court granted summary judgment in favor of the District. The county court held that Daniels’s and Schneider’s refusal to allow Harris to use bathroom until his third request was a discretionary function, and thereby, the District was immune from liability.
¶ 8. Harris appealed the county court’s decision to the circuit court. The circuit court affirmed the county court’s grant of summary judgment and found the District immune from liability under the MTCA for the discretionary actions of Schneider and Daniels. It is from this judgment that Harris now appeals.
DISCUSSION

I. Standard of Review

¶ 9. The circuit court’s grant or denial of a motion for summary judgment is reviewed de novo. Pratt v. Gulfport-Biloxi Reg’l Airport Auth., 97 So.3d 68, 71 (¶ 5) (Miss.2012) (citation omitted). We view the evidence “in the light most favorable to the party against whom the motion has been made.” Id. (citation omitted). The supreme court has also held:
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.... [T]he [party opposing summary judgment] “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.”
Id. (citations and quotation marks omitted).
¶ 10. The supreme court has also held that “immunity is a question of law and is a proper matter for summary judgment under [Rule] 56.” Dancy v. E. Miss. State Hosp., 944 So.2d 10, 15 (¶ 16) (Miss.2006) (citations omitted).

II. Whether the District is immune from liability under the MTCA.

¶ 11. Both the county and circuit court found the District as well as its board members and employees to be immune. Harris argues that it was error to find the District employees’ conduct to be discretionary and, thereby, protected by the MTCA. Harris claims that because the plain language of the District’s testing plan defined his need to go to the bathroom as a “student emergency,” his need was an inherent emergency and not a discretionary function under state law. Further, Harris claims the District’s plan’s own public policy was thwarted when the District failed to properly follow its language.
¶ 12. The MTCA “provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit.” Sanders v. Riverboat Corp. of Miss.-Vicksburg, 913 So.2d 351, 355 (¶ 14) (Miss.Ct.App.2005) (citation omitted). The law, however, provides exceptions to liability for certain acts and omissions by a governmental entity. Mississippi Code Annotated section 11-46-9(l)(d) provides:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(d) [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental *104 entity or employee thereof, whether or not the discretion be abused....
¶ 13. A duty is discretionary when it is not established by law and relies on the choice or judgment of the governmental entity and/or its employee. Dancy, 944 So.2d at 16 (¶ 19). A duty is ministerial if it is imposed by law and required to be performed at a specific time and place, removing a governmental employee’s or entity’s choice or judgment. Covington Cnty. Sch. Dist. v. Magee, 29 So.3d 1, 5 (¶ 8) (Miss.2010) (citation omitted).
¶ 14. Further, a two-part “public-policy function” test is applied to determine whether conduct is considered a discretionary function subject to immunity. Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 20) (Miss.2012) (internal citations omitted). First, the court must determine “whether the activity involved an element of choice or judgment.” Id. “If so, this Court also must decide whether that choice or judgment involved social, economic, or political-policy considerations.” Id.
¶ 15. Here, we find that the refusal to allow Harris to use the restroom was a discretionary function subject to immunity by the MTCA. While the District was required to establish a student-testing plan for administration of the MCT, the testing-security procedures of the plan were left to the discretion of the District employees, particularly the assigned test proctor and administrator. While the plan established a protocol for student emergencies that involved restroom requests by the students, neither the plan nor the MDE automatically required the proctor to allow a student to use the bathroom at a specific time or location. The testing-security plan clearly states that “if there is an emergency, the proctor will accompany the student to the office or wherever he/she needs to go.” The test administrator and proctor had to exercise their own discretion to determine whether the student’s restroom request was an emergency that necessitated immediate bathroom use or could wait until the next bell rang or testing was over. An element of choice or judgment was involved in the decision because it was left up to the administrator or proctor to allow bathroom use in case of an emergency. The circuit court order cited an Alabama case that held that a teacher’s denial of a student’s request to use the restroom is a discretionary function that entitled the school teacher and school district to immunity from suit. Boyett ex. rel. Boyett v. Tomberlin, 678 So.2d 124, 127 (Ala.Civ.App.1995). We find that the refusal to allow Harris to use the bathroom until his third request was a discretionary function under the MTCA.
¶ 16. Further, we find that the decision to grant or deny Harris’s bathroom request was for the public-policy purpose of maintaining the integrity and security of the MCT test and the testing environment. Such a purpose is crucial for administering the test in a way that gives fair and accurate results as a means of measuring student performance. Paramount to the ability of protecting the integrity and security of the test is the ability of the proctor and the administrator to have discretion to conduct the test and to control them classes. The supreme court recognized the public-policy significance of school employees being able to control and make decisions regarding their students when a football coach and the school district were granted immunity from suit under the MTCA after a student suffered from a heat stroke after the coach denied his request for a break. Harris v. McCray, 867 So.2d 188, 193 (¶ 17) (Miss.2003). If a different result were reached, school officials, in fear of lawsuit, would be unable to discipline students and maintain *105 order because they would have to agree to every student’s request and would not be allowed to determine the legitimacy of a student’s request. Id.
¶ 17. Because the decision to allow a student permission to go to the bathroom is grounded in the public policy of maintaining student discipline, safety, and order, we find that the District is immune under the MTCA. The circuit court’s decision to enter summary judgment in favor of the District and its board members and employees was proper. Accordingly, we affirm the circuit court’s judgment.
¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART.